## MATOVAC v. UNITED STATES (BUSH TERMINAL CO., Third-Party Defendant.)
Civ. A. No. 8363.

United States District Court
E. D. New York.
June 19, 1950.

Sylvia Miller, New York City (Chester A. Hahn, New York City, of counsel), for plaintiff.

J. Vincent Keogh, United States Attorney, Brooklyn, N. Y. (Erwin Rossuck, New York City, attorney in U. S. Department of Justice of counsel), for United States of America.

Galli & Locker, New York City (Patrick J. McCann, Brooklyn, N. Y., of counsel), for third party defendant.

BYERS, District Judge.

Motion for summary judgment by defendant which is supported by the third party defendant, in an action under the Federal Tort Claims Act [now 28 U.S.C.A. §§ 1346, 2671 et seq.], in which recovery is sought for personal injuries sustained by plaintiff.

The important chronology is:

January 11, 1945—plaintiff injured while in employ of John T. Clark & Son, as longshoreman on Pier 2, Brooklyn.

January 11, 1946—One Year elapses. Section 29, New York Workmen's Compensation Law, McK.Consol.Laws, 67.

January 25, 1946—Decision awarding compensation to plaintiff, payable by his employer, and insurance carrier, by Workmen's Compensation Board (N. Y.).

July 26, 1946—6-months' time elapses from said award. Section 29, New York Workmen's Compensation law.

March 13, 1947—Amendment to Section 29, New York Workmen's Com-

pensation Law, extending period within which to institute a third party action to nine months after passage of a law creating new or additional remedies, namely, the Federal Tort Claims Act, 28 U.S.C.A. § 931 [now §§ 1346, 2671 et seq.] which was effective August 2, 1946, Hence 9 months later or May 2, 1947, became the last date on which plaintiff could have brought suit under that Act (Commissioners of State Ins. Fund v. United States, D.C., 72 F. Supp. 549).

July 17, 1947—This complaint was filed.

The affidavit in opposition to the motion concedes that the plaintiff's cause would be barred by the lapse of time, but for a document first referred to on the argument, and attached to said affidavit, which was executed March 7, 1950.

Plaintiff asserts that it is a "waiver of subrogation" by the insurance carrier for plaintiff's employer Clark, and an "authorization" which should be construed as an assignment of its cause based upon the carrier's being subrogated to the rights of the injured man as against the United States as lessee of Pier 2 when the accident happened.

The plaintiff's cause is that a falling door on the Pier released a pulling rope which raised him some feet from the level of the Pier, and that he then fell and sustained injuries. He was, as stated, an employee of Clark, a stevedore, and Pier 2 was being operated by the United States which was in control under a lease. The Pier was owned by Bush Terminal Company, the third party defendant.

The plaintiff obtained an award by the New York State Workmen's Compensation Board against Clark, his employer, of $225,-00 for eleven weeks' disability. The complaint demands damages in the sum of $25,000.00.

The said document has been examined in light of the plaintiff's assertions concerning its legal efficacy and character, but to no avail favorable to plaintiff:

It does not in terms purport to assign its cause of action. It merely authorizes and empowers plaintiff to sue any person, etc., or sovereignty who or which may be liable, in his own name, for said personal injuries, reserving the right to claim and receive from the proceeds, if any, its own prior payments to or for the plaintiff. The recited purpose is to waive the right of subrogation "specified in Section 29 of the Workmen's Compensation Law of the State of New York". It has not been explained how the right could be simultaneously waived and assigned. The mere waiver passed nothing to the plaintiff. If an assignment had been attempted it would have encountered the Federal Anti-assignment Statute, 31 U.S.C.A. § 203, which perhaps explains why the document does not so purport to function.

United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, does not affect this case, since the insurance carrier is not the plaintiff.

If the instrument were to be construed as the plaintiff urges, his time to bring suit would be prolonged beyond the statutory period, by the device of clothing him with the rights of a subrogee to himself which in turn are based upon his own failure to seek redress from a third party within the specified time; since the right to sue by subrogation did not arise until the lapse of the plaintiff's own cause, the attempt to revive that which he has already lost, by calling him the assignee of such a substituted status is inherently futile.

Moreover, the instrument in question was executed March 7, 1950, nearly three years after the filing of this complaint, which therefore could not have been based upon the waiver of the right of subrogation later proclaimed.

Since that right did not accrue until May 3, 1947, it would seem that it existed then and so continued through the filing date of the complaint, on July 17th following, and thereafter. The waiver of it on March 7, 1950, could not reach back so as to change the status of the plaintiff when he came into court.

It is also urged by the defendant that the Employers Liability Assurance Corporation, Ltd. was never subrogated to any claim against the United States, because the stevedoring contract between the latter and Clark contained this clause: "All policies

of insurance shall, by appropriate endorsement or otherwise, name as additional parties insured or waive all right of subrogation against the United States of America."

 The insurance carrier paid the claim and thereby acquired its status of subrogee against the third party (United States) by the operation of Section 29 of the New York Statute. If it waived that right under the terms of its policy, then it was without power to clothe the plaintiff with any capacity to sue in its place and stead, but absent a showing of such a provision as a part of the policy, it is not apparent that Clark could deprive it of its statutory right unless the contract of the latter with the United States was in turn brought home to the insurance carrier. That aspect of the case has not been made clear in any factual sense, and so this decision will not pass upon the question.

For reasons other than the foregoing, the defendant's motion is granted. Settle order.